UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Byron Barber

    v.                              Civil No. 17-cv-201-SM

State of New Hampshire

**REPORT AND RECOMMENDATION**

    Before the court is pro se petitioner Byron Barber's petition for writ of habeas corpus (Doc. No. 1), which cites 28 U.S.C. § 2254 as the source of this court's authority, and several addenda to that petition (Doc. Nos. 4, 5, 6, 8).  At the time Barber filed this petition, he was in pretrial detention on charges pending in the New Hampshire Superior Court, see State v. Barber, No. 216-2017-cr-00190 (N.H. Super., Hillsborough Cty., N.).  He is currently incarcerated at the New Hampshire State Prison.  It appears that Barber was convicted and sentenced in September 2017.[1]

    Barber, who had counsel appointed to represent him in the state court proceedings, asserts in his petition here that pretrial rulings by the Superior Court in his criminal case,

---

[1] See N.H. Dep't of Corr., Inmate Locator, http://business.nh.gov/Inmate_locator/default.aspx (entry for "Biron No Middle Name Barber"), last accessed Oct. 16, 2017.

including that court's decision not to review Barber's pro se filings, violated Barber's right to due process and equal protection. Barber further asserts that the prosecutor in Barber's case defamed Barber by referring to a prior criminal conviction in Rhode Island that Barber asserts violated his federal rights; and that Barber's court-appointed counsel in the Superior Court proceeding has provided him with ineffective assistance of counsel. See Doc. No. 1. Barber contends that his right to a speedy trial was not safeguarded in the Superior Court, as his period of pretrial confinement exceeded six months. See Doc. No. 4. Barber also complains generally about the misconduct of an informant who provided a statement that was used in initiating Barber's prosecution, and about the Manchester Police Department's alleged illegal law enforcement practices. Barber has asked this court to release him from confinement. See Doc. No. 4, at 5.

## Discussion

### I.  Standard

In undertaking § 2254 Rule 4 preliminary review, this court decides whether the petition states claims that are cognizable in a federal habeas action. See McFarland v. Scott, 512 U.S.

849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."). When a habeas petitioner is proceeding pro se, the assertions contained in the petition are construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## II. Exhaustion

To be eligible for federal habeas relief, a petitioner must show that he has exhausted the remedies available to him in the state courts for each of his claims, or that state corrective processes are unavailable or ineffective to protect his rights. See 28 U.S.C. § 2254(b)(1). "[A] petitioner must pursue and await the results of all available appeals in state court before [he] can file a petition for habeas corpus in federal court." Batavitchene v. Clarke, No. 10-11854-DJC, 2011 U.S. Dist. LEXIS 36682, at *4, 2011 WL 1297935, at *1 (D. Mass. Apr. 5, 2011); see also Josselyn v. Dennehy, 475 F.3d 1, 3 (1st Cir. 2007). Direct review in New Hampshire includes appellate review in the New Hampshire Supreme Court.

The timing of the filing of this matter, and Barber's recent sentencing, indicates that Barber has not likely exhausted any of his federal claims in the state court system.

Accordingly, the district judge should dismiss this action, without prejudice, because of Barber's failure to demonstrate exhaustion, unless, within thirty days of the date of this Report and Recommendation, Barber can demonstrate that all of the claims in his petition, alleging violations of his federal rights, have been presented to, and finally resolved by, the New Hampshire Supreme Court.

### III. Certificate of Appealability

The Rules Governing Section 2254 Proceedings ("§ 2254 Rules") require the court to "issue or deny a certificate of appealability ["COA"] when it enters a final order adverse to the party."  § 2254 Rule 11(a).  Here, the grounds for dismissal are purely procedural, and not substantive.

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).  If the claims asserted in the petition in this case are unexhausted, reasonable jurists would not find it debatable that the petition should be dismissed.  Accordingly, if Barber fails to show cause why this matter should not be dismissed, the district judge

should decline to issue a certificate of appealability in this case.

## Conclusion

For the foregoing reasons Barber's petition should be dismissed without prejudice.  The district judge should also decline to issue a certificate of appealability.

Any objections to this Report and Recommendation must be filed within thirty days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The thirty day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

October 16, 2017

cc:  Byron Barber, pro se